IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CAROLYN FIELDS WILKINS,
Plaintiff,

v.                                                          Civil No. 3:23cv549 (DJN)

UNITED STATES OF AMERICA,
Defendant.

**MEMORANDUM OPINION**

Plaintiff Carolyn Fields Wilkins ("Plaintiff" or "Wilkins"), proceeding *pro se*, brings this action against the United States of America (the "Government"), asserting a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (2006), for wrongful death resulting from the alleged negligence of the employees of the Hunter Holmes McGuire Veterans Affairs Medical Center ("VAMC"). This matter comes before the Court on the Government's Motion to Dismiss ("Motion" (ECF No. 6)), moving this Court to dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court will GRANT the Government's Motion (ECF No. 6) and will DISMISS WITHOUT PREJUDICE[1] Plaintiff's Complaint (ECF No. 1) with leave to amend within fourteen (14) days of the date of this Order.[2] If Plaintiff files an Amended Complaint within fourteen (14) days, the Clerk SHALL reopen the case.

---

[1] A "dismissal for lack of standing — or any other defect in subject matter jurisdiction — must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022).

[2] The Fourth Circuit has instructed district courts to explicitly grant leave to amend when they believe a deficiency in a complaint can be cured. *Britt v. Dejoy*, 45 F.4th 790, 796 (4th Cir. 2022). Conversely, "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable." *Id.* at 791.

## I.  BACKGROUND

At this stage, the Court must accept as true the facts set forth in the Complaint (ECF No. 1). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Against this backdrop, the Court accepts the following facts as alleged for purposes of resolving the instant motion.

Joseph Robert Wilkins, Jr. ("Decedent") served in the United States Air Force for over 23 years. (ECF No. 1-1 at 2.) From 2009 to 2013, Decedent was treated at the VAMC, (Compl. at 4), and on September 27, 2018, Decedent died due to respiratory failure and sepsis pneumonia, (ECF No. 1-1 at 53). Wilkins, Decedent's wife, alleges that the VAMC employees negligently provided medical care by administering antipsychotic medications to Decedent. (Compl. at 4.)

On August 29, 2023, Wilkins filed her Complaint (ECF No. 1), asserting a claim for wrongful death based on the above allegations. Notably, Wilkins had not qualified as the personal representative of her husband's estate when she filed her Complaint. Rather, Wilkins qualified as Administrator on November 9, 2023. (ECF No. 10-1 at 1.)

On November 8, 2023, the Government responded to Plaintiff's Complaint by filing this Motion. (ECF No. 6.) The Government provides three arguments for dismissal. First, the Government contends that the Complaint should be dismissed under Rule 12(b)(1), because Wilkins lacks standing to bring the wrongful death claim. (Mem. Supp. Mot. ("Mem.") (ECF No. 7) at 5.) Second, the Government argues that the Complaint should be dismissed pursuant to Rule 12(b)(6), because Wilkins' claim is time barred. (Mem. at 7.) Lastly, the Government asserts that Wilkins fails to plausibly allege a medical malpractice claim for wrongful death. (Mem. at 12.) On November 27, 2023, Wilkins filed her Response to the Government's Motion

to Dismiss. (ECF No. 9.) On December 1, 2023, the Government filed its Reply in Support of the Motion to Dismiss (ECF No. 11), rendering the Government's Motion ripe for review.[3]

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A challenge under Rule 12(b)(1) may be facial or factual. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). If a defendant challenges the factual predicate of the court's subject matter jurisdiction, the defendant may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In instances where a defendant makes a factual challenge to subject matter jurisdiction, "the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009). Moreover, the Court may consider evidence outside of the pleadings without converting the defendant's 12(b)(1) motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

In addition, it is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* As the Fourth Circuit explained, "[t]hough [*pro* se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district

---

[3] The Court notes that Wilkins filed a Sur-Reply to the Motion to Dismiss ("Sur-Reply") (ECF No. 12) on December 7, 2023. However, the arguments raised in the Sur-Reply have no impact on the analysis below.

3

courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

### III. ANALYSIS

Individuals are generally barred from suing the United States by the doctrine of sovereign immunity. *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). A plaintiff may recover against the United States in cases only where sovereign immunity is expressly waived. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The Federal Tort Claims Act acts as a limited, express waiver of sovereign immunity by permitting tort suits against the United States for any injury or death caused by a government employee while acting within the scope of his employment, to the extent that a private person would be liable for the act or omission under state law. 28 U.S.C. § 1346(b); *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991).

Under Virginia law, wrongful death actions must be brought "by and in the name of the personal representative" of the decedent. Va. Code § 8.01-50(b). A wrongful death action is not an action "personal to the personal representative"; rather, the personal representative, as plaintiff, "is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53." *Johnston Mem'l Hosp. v. Bazemore*, 277 Va. 308, 312 (2009). Here, Wilkins brought this action individually and in her own name. Furthermore, she commenced this suit before qualifying as the personal representative of her husband's estate. *See* ECF No. 10-1 (qualifying as Administrator of the estate of Joseph R. Wilkins, Jr. on November 9, 2023). Because only the personal representative of a decedent's estate may bring an action for wrongful death, the Court finds that Wilkins lacks standing to bring the claim. *See Johnston Mem'l Hosp.*, 277 Va. at 313 (finding that the decedent's wife lacked standing to assert a wrongful death claim since she had not qualified as the personal representative of the decedent's estate at the time that

the action was filed); *see also Bolling v. D'Amato,* 259 Va. 299, 303–04 (2000) (holding that until a personal representative is appointed for a decedent, the decedent's personal estate is without an owner).

Moreover, a personal representative may not bring a wrongful death action *pro se*, as Wilkins is attempting to do here. *Kone v. Wilson,* 272 Va. 59, 62–63 (2006). Courts have recognized an exception when the *pro se* personal representative is also the sole beneficiary of the estate. *Benton v. Layton,* 628 F. Supp. 3d 661, 668 (E.D. Va. 2022); s*ee also Witherspoon v. Jeffords Agency, Inc.,* 88 F. App'x 659, 659 (4th Cir. 2004) (noting that other circuits have held that a personal representative cannot represent the estate *pro se* if there are other beneficiaries). Here, however, Wilkins has not demonstrated that she constitutes the sole beneficiary of Decedent's estate. Rather, Wilkins provided a list of heirs, which indicates that Decedent was survived by three adult children. (ECF No. 10-1 at 2.) These adult children constitute beneficiaries under Va. Code § 8.01-53. Therefore, Wilkins may not pursue this wrongful death action *pro se*.

In sum, the Court lacks subject matter jurisdiction over the wrongful death claim and thus refrains from addressing the parties' Rule 12(b)(6) arguments. The Court will GRANT the Government's Motion (ECF No. 6) and will DISMISS WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1).

### IV. CONCLUSION

For the reasons set forth above, the Court will GRANT the Government's Motion (ECF No. 6) and will DISMISS WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1) with leave to amend within fourteen (14) days of the date of this Order. If Plaintiff files an Amended

Complaint within fourteen (14) days, the Clerk SHALL reopen the case.

    An appropriate Order shall issue.

    Let the Clerk file a copy of this Memorandum Opinion electronically and notify *pro se* Plaintiff and counsel of record.

                                                  /s/
                                        David J. Novak
                                        United States District Judge

Richmond, Virginia
Dated: December 8, 2023

6